OPINION
{¶ 1} George L. Bagnall ("appellant") appeals the November 9, 2001 judgment of the Lake County Common Pleas Court denying his Motion to Modify Sentence. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} On December 1, 1998, appellant was indicted on five counts of rape, in violation of R.C. 2907.02, each a felony of the first degree, and two counts of gross sexual imposition, in violation of R.C.2907.05, each a felony of the fourth degree. Appellant, thirty-three (33) years old, was charged with having sexual encounters with his eleven (11) year old adopted daughter.
 {¶ 3} On February 18, 1999, appellant, represented by Attorney Kirsti S. Talikka, pled guilty to three counts of rape by way of NorthCarolina v. Alford (1970), 400 U.S. 25.[1] The trial court entered a nolle prosequi as to the remaining counts. On February 25, 1999, the trial court entered a judgment entry, accepting appellant's guilty plea by way of North Carolina v. Alford. A sentencing hearing was held on March 16, 1999. At the sentencing hearing, appellant was classified as a sexual predator and sentenced to a definite term of eight years in prison on each count, all to run concurrently.
 {¶ 4} On April 16, 1999, appellant, represented by the Lake County Public Defender, filed a notice of appeal with this court, challenging the trial court's sexual predator determination. See, State v. Bagnall
(Dec. 7, 2001), 11th Dist. No. 99-L-062, 2001 Ohio App. LEXIS 5452. In that case, this court found that the record did not demonstrate appellant had been given adequate notice that his sentencing hearing would also serve as a sexual predator hearing. Id. As a result, we reversed and remanded the matter to the trial court for the sole purpose of conducting another sexual predator hearing with proper advance notice to all parties. Bagnall, supra. It is important to note, that in the original appeal, we did not disturb the trial court's sentencing of appellant, as that issue was not raised on appeal.
 {¶ 5} On October 10, 2001, appellant, proceeding pro se, filed a Motion to Modify Sentence with the trial court. In that motion, appellant claimed that his Eighth and Fourteenth Amendment Constitutional rights had been violated as a result of the trial court sentencing him to eight years in prison under R.C. 2929.14. The trial court denied appellant's motion on November 9, 2001, and appellant filed this appeal on November 20, 2001.
 {¶ 6} Appellant asserts the following assignment of error for our review.
 {¶ 7} "[1]. The trial court erred to the prejudice of appellant when it failed to sentence him pursuant to the statutory guidelines of R.C. section 2929.12 and 2929.14 in violation of the eighth andfourteenth amendments [sic] to the united states constitution [sic] and the Ohio constitution [sic]."
 {¶ 8} The appellate standard of review for post conviction relief under R.C. 2953.08 is de novo. State v. Raphael (March 24, 2000), 11th Dist. No. 98-L-262, 2000 Ohio App. LEXIS 1200. In the instant case, we have already noted that appellant filed an appeal with regards to the sentencing hearing on April 16, 1999. Throughout the course of that appeal, appellant was at all times represented by counsel from the Lake County Public Defender's Office. In that appeal, appellant did not raise any assignments of error relating to the issue of sentencing.
 {¶ 9} Under the doctrine of res judicata, a final judgment of conviction "bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from judgment, any defense or any claimed lack of due process that was raisedor could have been raised by the defendant at the trial which resulted in that judgment or conviction or on an appeal from that judgment." Statev. Perry (1967), 10 Ohio St.2d 175, 180 (emphasis added). An appeal of a trial court's denial of a Motion to Modify Sentence is barred by res judicata if the issue of sentencing could have or should have been raised on a previous appeal. State v. Jones (Jan. 25, 2001), 5th Dist. No. 00-CA71, 2001 Ohio App. LEXIS 287.
 {¶ 10} Appellant appealed the judgment of his sentencing hearing on April 16, 1999. Appellant, at all times, was free to raise the issue of sentencing in his April 16, 1999, appeal. Instead, appellant, proceeding pro se, chose to wait over two and a half years into his sentence before attempting to motion the trial court to modify his sentence. By not raising the issue of his sentencing in his April 16, 1999 appeal, appellant, in essence, waived his right to raise it in the case now before us. Under Perry and Jones, we hold that appellant is barred by the doctrine of res judicata from raising the issue of sentencing on appeal as it could have been raised in his April 16, 1999, petition filed by the Lake County Public Defender. Thus, we find appellant's sole assignment of error to be without merit.
 {¶ 11} For the foregoing reasons, we hold that the trial court committed no error in denying appellant's Motion to Modify Sentence. Appellant's sole assignment of error is not well taken and the November 9, 2001 decision of the Lake County Common Pleas Court is hereby affirmed.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] North Carolina v. Alford (1970), 400 U.S. 25, 37, holds a trial court may accept a guilty plea that is knowingly, voluntarily, and intelligently entered by a defendant who continues to deny guilt, but enters the plea to avoid the possibility of conviction after trial and receiving a greater penalty.